{¶ 32} I respectfully dissent from the majority opinion.
 {¶ 33} The only issue before this Court is whether the trial court had the authority to clarify its earlier declaratory judgment.
 {¶ 34} R.C. Chapter 2721 governs declaratory judgment actions. R.C.2721.09 addresses a trial court's continuing jurisdiction to order further relief after the initial grant of declaratory relief. The statute provides, in pertinent part: "* * * [Wjhenever necessary or proper, a court of record may grant further relief based on a declaratory judgment or decree previously granted under this chapter. The application for the further relief shall be by a complaint filed in a court of record with jurisdiction to grant the further relief. If the application is sufficient, the court, on reasonable notice, shall require any adverse party whose rights have been adjudicated by the declaratory judgment or decree to show cause why the further relief should not be granted forthwith."
 {¶ 35} R.C. 2721.13 further provides that the provisions of R.C. Chapter 2721 are remedial in nature and shall be liberally construed and administered.
 {¶ 36} Upon review, I would find the parties invoked the continuing jurisdiction of the trial court under R.C. 2721.09 by the filing of the cross motions for contempt. The trial court afforded the parties a full evidentiary hearing on the matter. The trial court subsequently issued orders to the parties, via clarification of its earlier declaratory judgment, thus providing additional relief as permitted by the statute.
 {¶ 37} Accordingly, I would overrule the sole assignment of error and affirm the judgment of the Tuscarawas Common Pleas Court. *Page 1